UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.

KEYCIE A. STREET,

        Defendant.

Case No. 15-cr-228-pp

---

**ORDER CONSTRUING LETTERS FROM COUNSEL (DKT. NOS. 95, 96) AS MOTIONS TO SET SCOPE OF EVIDENTIARY HEARING, AND GRANTING THOSE MOTIONS**

---

On January 6, 2016, defendant Street filed a motion to suppress. Dkt. No. 34. He asked to suppress "information and/or items allegedly obtained by law enforcement during the police initiated encounter with Mr. Street in the parking lot of Walmart at 15205 West Greenfield Avenue, Brookfield, WI on October 24, 2015." Id. at 1.

Magistrate Judge David E. Jones held an evidentiary hearing on the motion on February 4, 2016. Dkt. No. 38. After the hearing, he ordered supplemental briefing. Text-only order dated February 25, 2016. At the conclusion of the briefing, Judge Jones issued a report, recommending that this court grant the motion to the extent that Street sought "suppression of his cell phone number and the information that he provided to Deputy Knipfer about why he was at the Walmart store." Dkt. No. 51 at 25. He recommended that the court deny the motion as to the other information Street sought to

1

suppress—his name, address, DNA "and the out-of-court identifications." Id. In making that recommendation, Judge Jones found that the officers who stopped Street in the parking lot of the Walmart in Brookfield stopped him in violation of the Fourth Amendment, because they did not have reasonable suspicion to believe that Street was involved in criminal activity. Id. at 51. Judge Jones found, however, that under the attenuation doctrine, as well as the purpose-and-flagrancy doctrine, foreclosed suppression of Street's name, address, DNA and the out-of-court identifications by, among others, Street's co-defendant based on Street's driver's license photo. Id. at 19-23.

Street objected to Judge Jones' report and recommendation. Dkt. No. 53. After the objection had been fully briefed, this court adopted Judge Jones' recommendation. Dkt. No. 56. The court agreed with Judge Jones that "Deputy Knipfer's stop of the defendant violated the Fourth Amendment." Id. at 56. During that stop, Street gave Deputy Knipfer his name and his cell phone number. Id. at 3. He also told Knipfer that he was from Illinois, and that some friends had dropped him off at the Walmart to get a video game, which he had in a bag with him. Id. After confirming Street's information with dispatch and making sure Street had no outstanding warrants, Deputy Knipfer told Street he was free to leave. Id. at 3-4.

After they released Street, the deputies "learned from Walmart employees that the surveillance video of the parking lot did . . . show three people getting out of the white SUV; one of these individuals was the defendant." Id. at 4. The officers then obtained the defendant's Illinois driver's license photo, which they

showed to people—including a co-defendant—who identified the photo as defendant Street. Id. at 6.

This court found that even if Deputy Knipfer never had stopped Street, the deputies would've obtained the parking lot surveillance photo. They would have learned that there was a third defendant; they would have pulled a still photo of that third person from the surveillance photo; they would have shown that to various people; and they would have obtained an ID of the defendant. Id. at 7-8.

A little over three months later, Attorney Donovan made his appearance as defendant Street's new counsel (after prior counsel moved to withdraw). Dkt. No. 72. After familiarizing himself with the case, Attorney Donovan filed two motions. First, he filed a motion asking the court to reconsider its ruling denying the motion to suppress. Dkt. No. 81. In the motion, Attorney Donovan specifically stated, "Mr. Street does not ask the Court to reconsider any portion of its order that found that he was illegally stopped because Judge Jones' recommendation and this Court's adoption of that finding are correct." Id. at 1. He also argued that "the government has waived any objection to the stop's illegality because it only referenced any possible objection to it in passing reference within a footnote in its response to Mr. Street's objection to Judge Jones' recommendation." Id. Attorney Donovan asked the court to reconsider Judge Jones' and this court's findings that the attenuation and inevitable discovery doctrines precluded suppression; he argued that this court had "misapprehended key facts and law relating to those arguments to deny

3

suppression." Id. at 2. Counsel based his argument on both judges' interpretation of United States v. Carter, 573 F.3d 418 (7th Cir. 2009). Id. He argued that the sequence of events in Street's case was different than the sequence in Carter, such that had the deputies not learned from Street his address (the fact that he lived in Illinois, in particular), they would not have pulled his Illinois driver's license photo (which was shown to his co-defendants and others). Id. at 3-4.

Counsel also filed a motion asking the court to allow him to file a second suppression motion—this one alleging that rather than showing co-defendant Oliver a photo array, officers showed him only Street's Illinois driver's license photo. Dkt. No. 88 at 1-2. He argued that this constituted a presumptively suggestive show-up. Id. at 2.

On January 24, 2017, the court held a hearing, and informed the parties that it was going to "grant both motions, and schedule an evidentiary hearing." Dkt. No. 94. The court made clear that it wasn't granting the motions themselves; it was allowing counsel to file both motions, and "scheduling an evidentiary hearing to take evidence on both motions." Id. at 1.

On February 10, 2017, ahead of the February 16 evidentiary hearing, counsel for the government filed a letter with the court. Dkt. No. 95. Counsel stated that he understood that by granting the motion to reconsider and the motion to schedule an evidentiary hearing, he understood "the Court to be reopening litigation on the original motion to suppress." Id. at 1. He noted that it had been the government's position all along that Deputy Knipfer's stop was

4

not illegal, and he stated that the government "anticipates calling additional law enforcement witnesses in support of that position that may add to the collective knowledge of law enforcement at the time of the stop." Id. He also argued that even if the court was not open to reconsidering its decision on the legality of the stop, testimony about the stop "would still be relevant to the application of the exclusionary rule—which was the subject of Mr. Street's motion for reconsideration." Id. He noted that one factor in the decision regarding whether to apply the exclusionary rule is the question of "how egregious the constitutional violation was, so that the additional testimony that might mitigate the egregiousness of the alleged constitutional violation is relevant." Id.

The government also referenced, by implication, defense counsel's argument that the reason the court ought to let him file a second suppression motion was because he'd discovered new information (such as information regarding how defendant Oliver pronounced Street's first name) that previous defense counsel had not. The government argues that if the defense gets to use "possibly new" information to reopen the original motion to suppress, "it seems only fair" that the government be allowed to use "possibly new information" to ask the court to reconsider whether the stop was illegal. Id. Counsel concluded by asserting that because the court granted Street's request for an evidentiary hearing to examine the "totality of the circumstances," "the government now has the burden of proving that the officers did not violate Mr. Street's constitutional rights." Id. at 2. Thus, the government indicated that it planned

to call as many as six witnesses to testify at the February 16, 2017 evidentiary hearing, and anticipated that it would not take more than three hours to do so. Id.

Attorney Donovan responded with a letter on February 11, 2017. Dkt. No. 96. He first objected to the government's assumptions as to the scope of the evidentiary hearing, noting that the motion to reconsider did not ask the court to reconsider its ruling that the stop was illegal. Id. at 1. He also notes that the government never has asked the court to reconsider its ruling in that regard. Id. He argued that "[t]he government should be allowed to present evidence on the purpose and flagrancy of the illegal stop, but it should not be allowed to re-argue that the stop was legal in the first place." Id.

Counsel also indicated that he had not anticipated that the government would call up to six witness, or re-litigate the legality of the stop, and thus that he could not be prepared to cross-examine that many witnesses on that broad an issue at the February 16, 2017 hearing. Id. at 2. He goes through his schedule for the week of February 13, demonstrating that he does not have much time to prepare for new issues that he did not anticipate. He also explains that the government informed him on February 10, 2017 that there may be some discovery he is missing. Id. Finally, he indicates that the parties have held some plea discussions; he could not represent that the parties were close to an agreement, but expressed hope that the government might consider some of his proposals. Counsel concluded by asking "that the Court provide

clarification as to the scope of the hearing and, if it deems appropriate, an adjournment to allow more time to address the issues raised here." Id.

The court first refers the parties to its procedures, posted on the Eastern District web site on Judge Pepper's page. If a party wants the court to do something—adjourn a hearing, clarify an issue—the appropriate vehicle for asking for that "something" is via a motion. The CM/ECF system that lets judges know when a party wants them to take action on something does not flag letters; it flags motions. The court would be grateful if, in the future, the parties used motions, and objections to motions, to make requests of the court.

As to the scope of the evidentiary hearing currently scheduled for February 16, 2017: The court did not schedule the hearing to allow the parties to re-litigate the question of whether Deputy Knipfer's stop of Street in the Walmart parking lot violated the Fourth Amendment. Judge Jones reached a conclusion on that issue. This court reached a conclusion on that issue. The government never has filed a motion asking the court to reconsider its conclusion on that issue. Defendant Street has not asked the court to reconsider its conclusion on that issue.

Attorney Donovan's motion to reconsider was very specific: He argued that Judges Jones and Pepper had misapplied the reasoning in Carter to the facts elicited at the first evidentiary hearing. That is not an argument that calls for additional evidence. It calls, instead, for this court to reconsider whether it missed any important facts in its consideration of how Carter might apply, and

whether the court misapplied Carter, or wrongly relied on Carter, to the facts in this case.

The court may have contributed to this confusion by writing, in the minutes of the January 24, 2017 hearing, that it was scheduling an evidentiary hearing on "both motions." The court tried to explain at that hearing that it understood that the *second* suppression motion argued, in part, that the identification of Street based on his Illinois driver's license photo should be suppressed in part because it flowed from information the deputies obtained from Street during the illegal stop. Street's request that the court reconsider its decision on whether to suppress evidence obtained during the illegal stop was related to the question of whether Oliver's ID should be suppressed. The court would better have said, in the minutes, that it meant to consider, or hear, both motions at February 16, 2017 hearing. It did not mean to suggest that the parties ought to present all of the evidence relating to the original motion at the February 16, 2017 hearing.

The government makes the equivalent of a "what's sauce for the goose is sauce for the gander" argument, stating that if the defense gets to file a motion to suppress based on new evidence that Attorney Donovan uncovered that prior counsel didn't, then the government ought to be allowed to present new evidence on the legality of the stop. The argument is not persuasive. The government has had all of the evidence since before the first evidentiary hearing. The government had the opportunity to present any and all evidence it had on the legality of the stop at that first evidentiary hearing. In contrast,

after he was appointed as Street's third lawyer, Attorney Donovan asked government counsel for information that the other lawyers had not. That information related, in the main, to Oliver's identification of Street. The fact that Attorney Donovan's request yielded new information relating to Oliver's identification of Street does not somehow open the door for the government to go back and try to supplement, at the February 16, 2017 evidentiary hearing, any evidence it presented at the first evidentiary hearing in 2016. If the government had more information relating to the legality of the stop in the Walmart parking lot, it should have present that evidence at the 2016 hearing.

In sum, the court agrees with defendant Street as to the scope of the February 16, 2017 evidentiary hearing. The court *will not* hear evidence relating to the legality of Deputy Kniper's stop of Street in the Walmart parking lot. The court *will* hear evidence regarding Oliver's identification of Street. The court also *will* hear argument regarding whether the court erred in concluding that the attenuation doctrine and the inevitable discovery doctrine precluded suppression of certain information obtained from Street during that illegal stop.

As to the other issues Attorney Donovan raises—his schedule, the possibility that he is missing discovery, the possibility of plea negotiations—it is not the court's place to decide whether either counsel need more time to address those issues. If one party or the other wants the court to adjourn the February 16, 2017 hearing for reasons other than scope, either party (or both)

are welcome to file a brief motion to adjourn, and the court will consider that motion as promptly as possible, given its hearing schedule.

The court **CONSTRUES** the parties' letters as motions to set the scope of the February 16, 2017 evidentiary hearing, and **GRANTS** those motions. Dkt. Nos. 95, 96. The court **ORDERS** that the parties may not re-litigate the legality of Deputy Knipfer's stop of defendant Street in the Walmart parking lot at the February 16, 2017 hearing.

Dated in Milwaukee, Wisconsin this 14th day of February, 2017.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge